UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MARY DOE, a human embryo "born" in the United States (and subsequently frozen in which state of cryopreservaton her life is presently suspended) individually and on behalf of all other frozen human embryos similarly situated; THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF PREBORN CHILDREN,
                    *Plaintiffs-Appellants,*

v.

DONNA E. SHALALA, in her official capacity as Secretary of Health and Human Services; U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES; HAROLD VARMUS, in his official capacity as Director of the National Institutes of Health; NATIONAL INSTITUTES OF HEALTH,
                    *Defendants-Appellees.*

NATIONAL ORGANIZATION FOR EMBRYONIC LAW,
                    *Amicus Curiae.*

No. 01-1298

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-99-2428-PJM)

Submitted: January 23, 2002

Decided: February 7, 2002

Before WIDENER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

**COUNSEL**

R. Martin Palmer, Jr., MARTIN PALMER & ASSOCIATES,
Hagerstown, Maryland, for Appellants. Robert D. McCallum, Jr.,
Assistant Attorney General, Thomas M. DiBiagio, United States
Attorney, Larry D. Adams, Assistant United States Attorney, Mark B.
Stern, Thomas M. Bondy, Appellate Staff, Civil Division, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Appellees. Clifford J. Stevens, NATIONAL ORGANIZATION FOR
EMBRYONIC LAW, Virginia Dale, Colorado, for Amicus Curiae.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Mary Doe, a human embryo "born" in the United States (and sub-
sequently frozen in which state of cryopreservation her life is pres-
ently suspended), individually and on behalf of all other frozen
human embryos similarly situated, and the National Association for
the Advancement of Preborn Children (collectively "Appellants")
appeal the district court's order administratively closing their civil
lawsuit challenging the Clinton Administration's policies regarding
federal funding of human stem cell research. We dismiss the appeal
for lack of jurisdiction because the order is not appealable.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (1994), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (1994); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). The order here appealed is neither a final order nor an appealable interlocutory or collateral order. It merely removes the case from the district court's active docket until the issue of federal funding for stem cell research is settled by the Bush Administration.

We therefore dismiss the appeal as interlocutory. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*